Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA  92101
Telephone: (619) 232-1717
Facsimile: (619) 232-5325
Email: sgrecordon@aol.com

Attorneys for Plaintiff TONY NGUYEN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY NGUYEN,<br><br>              Plaintiff,<br><br>vs.<br><br>LVNV FUNDING, LLC, MICHAEL S. HUNT and JANALIE A. HENRIQUES,<br><br>              Defendants. | CASE No.  **'15CV0758 LAB RBB**<br><br>COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND VIOLATIONS OF THE ROSENTHAL ACT |

## INTRODUCTION

1.     Plaintiff Tony Nguyen, through his counsel, brings this action to challenge the acts of LVNV Funding, LLC ("LVNV") and of Michael S. Hunt and Janalie A. Henriques, as partners in a California partnership, Hunt & Henriques (hereinafter defendants Hunt and Henriques in their capacity as partners will be collectively referred to as "H&H") (collectively all defendants may be referred to as "Defendants") regarding attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.
/ / /

Complaint
-1-

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and out of Defendant LVNV's violations of California's Fair Debt Collection Practices Act ("RFDCPA" or "Rosenthal Act").

7. As all Defendants do business in the state of California, and committed the acts that form the basis for this suit with the intent to cause effects in the state of California, this Court has personal jurisdiction over Defendants for purposes of this action.

8. Venue is proper as all Defendants do business in the County of San Diego and the acts at issue took place in the County of San Diego.

## PARTIES

9. Plaintiff is a natural person, an adult, and resides in San Diego County, California.

10. Plaintiff is informed and believes and thereon alleges that Defendant LVNV is a Delaware limited liability company or limited partnership doing business in the state of California.

///

11. Plaintiff is informed and believes and thereon alleges that Defendants Hunt and Henriques ("H&H" or "Defendants") are persons doing business, practicing law, in California, through a California partnership, Hunt & Henriques.

12. All Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

13. Defendant LVNV, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

14. All Defendants claim that Plaintiff is obligated to pay a debt, and therefore Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing by Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTS COMMON TO ALL CAUSES OF ACTION

17. On April 17, 2014, on behalf of their client LVNV Funding, LLC ("LVNV") H&H filed a complaint ("State Court Complaint") in the Superior Court of California for the County of San Diego against Mr. Nguyen, in the matter of *LVNV, LLC v. Tony Nguyen*, et al, case number 37-2014-00011871-CL-CL-NC ("State Court Action").

18. A copy of this State Court Complaint is attached hereto as Exhibit A.

19. In the above State Court Complaint, Defendants alleged that LVNV was an assignee of Citibank (South Dakota), NA and that:

    a. Mr. Nguyen "became indebted to Citibank (South Dakota), NA or a predecessor in interest…within the last four years…because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff," and that

    b. H&H's client LVNV had an enforceable claim against Mr. Nguyen for restitution under five *assumpsit* theories: "money had and received," work, labor, services and materials rendered," "goods, wares and merchandise," "money lent," and "money paid," all in the amount of $18,382.67.

    c. H&H also claimed that LVNV had an enforceable claim against Mr. Nguyen under a theory of open book account.

**False Account Stated claim**

20. In fact, LVNV did not have an enforceable legal claim for an account stated by and between LVNV and Mr. Nguyen, much less one that would lead to Mr. Nguyen owing a debt to Citibank (South Dakota), NA, a legal impossibility.

**Time Barred Account Stated and Open Book Account Claims**

21. Furthermore, as the last item on the account upon which LVNV's claims were based occurred more than four years prior to April 17, 2014, LVNV's account stated and open book account claims were time barred pursuant to California Code of Civil Procedure §337(2).

**Time Barred Assumpsit Claims**

22. Furthermore, H&H's *assumpsit* claims were time barred as they were subject to a two-year statute of limitations under California Code of Civil Procedure §339.

/ / /

Complaint

23. Plaintiff is informed and believes that more than two years elapsed between the date of Plaintiff's last receipt of any unpaid consideration on the account at issue, and April 17, 2014, the date of filing of the State Court Complaint.

24. H&H's *assumpsit* claims were thus time barred and unenforceable.

**Claim inflation**

25. Plaintiff is informed and believes that Defendants also claimed a right to collect a principal amount of $18,382.67 that included compound interest and contractual fees, under *assumpsit* theories that do not allow compound interest and contractual fees; and in so doing Defendants collected or attempted to collect an amount not authorized by law or agreement.

**Lack of Standing to File Suit**

26. Plaintiff is informed and believes that LVNV did not actually acquire title to the account at issue prior to filing the State Court Action, and thus Defendants attempted to collect an amount not actually owed to LVNV.

27. H&H then caused the above State Court Complaint to be served on Mr. Nguyen.

28. Mr. Nguyen then was forced to retain counsel to defend him in the above State Court Action.

## ALLEGATIONS SPECIFIC TO CERTAIN CAUSES OF ACTION
### FIRST CLAIM FOR RELIEF
**(Violations of the FDCPA by all named Defendants)**

29. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

30. All named Defendants violated the FDCPA. Defendants' violations include, but are not limited to the *following*:

   a. *15 U.S.C. §1692d* by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

   b. *15 U.S.C. §1692e* by making a false, deceptive or misleading misrepresentation in the collection of a debt;

Complaint
-5-

  c. *15 U.S.C. §1692e(2)* by misrepresenting the character, amount and legal status of a debt;

  d. *15 U.S.C. §1692e(10)* by use of a false representation or deceptive means to collect a debt;

  e. *15 U.S.C. §1692f(10)* by use of an unfair or unconscionable means to collect or attempt to collect a debt.

31. Plaintiff is entitled to actual damages sustained as a result of Defendants' conduct, in an amount according to proof; to statutory damages of $1,000; costs of the action; and reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k*.

## SECOND CLAIM FOR RELIEF

### (Violations of the Rosenthal Act by LVNV)

32. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

33. Based on information and belief, LVNV's acts and omissions violated *California Civil Code § 1788 et seq*, including, but not limited to the following sections: *California Civil Code §§ 1788.17* and *1788.13*.

34. Based on information and belief, LVNV's violations of *California Civil Code § 1788.17*, which incorporate several of the provisions of the FDCPA, include, but are not limited to, the following:

  a. *15 U.S.C. §1692d* by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

  b. *15 U.S.C. §1692e* by making a false, deceptive or misleading misrepresentation in the collection of a debt;

  c. *15 U.S.C. §1692e(2)* by misrepresenting the character, amount and legal status of a debt;

  d. *15 U.S.C. §1692e(10)* by use of a false representation or deceptive means to collect a debt;

  e. *15 U.S.C. §1692f(10)* by use of an unfair or unconscionable means to collect or attempt to collect a debt.

35. Defendant LVNV's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to *Civil Code § 1788.30(b)*.

36. As a proximate result of the violations of the Rosenthal Act committed by LVNV, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and, reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from LVNV.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against all named Defendants, and pray for the following relief:

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against all named Defendants and for the Plaintiff;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against all named Defendants and for the Plaintiff;

3. An award of actual damages pursuant to California Civil Code § 1788.30(a) against Defendant LVNV and for Plaintiff;

4. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against Defendant LVNV and for Plaintiff;

5. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against all named Defendants;

6. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against Defendant LVNV; and

7. Such other and further relief this court may deem just and proper.

/ / /
/ / /

Complaint

## JURY DEMAND

1. Plaintiff demands a trial by jury.

Respectfully submitted,

DATED: April 7, 2015          /s/ Stephen G. Recordon
                              STEPHEN G. RECORDON
                              Attorney for Plaintiff

# Exhibit A

PLD-C-001

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br>HUNT & HENRIQUES, Attorneys at Law<br>Michael S. Hunt, ESQ.    #99804<br>Janalie Henriques, ESQ. #111589<br>151 Bernal Rd. STE 8,       San Jose, CA 95119-1306<br>TELEPHONE NO: (408) 362-2270   FAX NO. *(OPTIONAL):* (408) 362-2299<br>E-MAIL ADDRESS*(Optional):*<br>ATTORNEY FOR *(Name):* PLAINTIFF | FOR COURT USE ONLY<br><br>FILED<br>NORTH COUNTY DIVISION<br><br>2014 APR 17 PM 1:07<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
  STREET ADDRESS: 325 South Melrose Drive
  MAILING ADDRESS:
  CITY AND ZIP CODE: Vista CA 92081
  BRANCH NAME: North County Division

  PLAINTIFF:  LVNV FUNDING LLC

  DEFENDANT: TONY NGUYEN

  [ ] DOES 1 TO _____

## CONTRACT

[X] COMPLAINT         [ ] AMENDED COMPLAINT *(Number):*
[ ] CROSS-COMPLAINT   [ ] AMENDED CROSS-COMPLAINT *(Number):*

Jurisdiction *(check all that apply):*
[X] ACTION IS A LIMITED CIVIL CASE    $18,382.67
  Amount demanded [ ] does not exceed $10,000
                  [X] exceeds $10,000, but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:
**37-2014-00011871-CL-CL-NC**

1. PLAINTIFF* *(names):* LVNV FUNDING LLC

   alleges causes of action against DEFENDANT* *(names):*
   TONY NGUYEN
2. This pleading, including attachments and exhibits, consists of the following number of pages: 4
3. a. Each plaintiff named above is a competent adult
     [X] except plaintiff *(name):* LVNV FUNDING LLC
       [ ] a corporation qualified to do business in California
       [ ] an unincorporated entity *(describe):*
       [X] other *(specify):* A Limited Liability Company

   b. [ ] Plaintiff *(name):*
       [ ] has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*
       [ ] has complied with all licensing requirements as a licensed *(specify):*
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Complaint - Attachment 3c.

4. a. Each defendant named above is a natural person
     [ ] except defendant *(name):*                          [ ] except defendant *(name):*
       [ ] a business organization, form unknown               [ ] a business organization, form unknown
       [ ] a corporation                                       [ ] a corporation
       [ ] an unincorporated entity *(describe):*              [ ] an unincorporated entity *(describe):*

       [ ] a public entity *(describe):*                       [ ] a public entity *(describe):*

       [ ] other *(specify):*                                  [ ] other *(specify):*

PLD-C-001

| SHORT TITLE: LVNV FUNDING LLC V. TONY NGUYEN | CASE NUMBER: |
|---|---|

4. *(Continued)*
   b. The true names and capacities of defendants sued as Does are unknown to plaintiff.
      (1) [ ] Doe defendants (specify Doe numbers): _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) [ ] Doe defendants (specify Doe numbers): _____ are persons whose capacities are unknown to plaintiff.
   c. [ ] Information about additional defendants who are not natural persons is contained in Complaint - Attachment 4c.
   d. [ ] Defendants who are joined pursuant to Code of Civil Procedure section 382 are *(names)*:

5. [ ] Plaintiff is required to comply with a claims statute, **and**
   a. [ ] plaintiff has complied with applicable claims statutes, or
   b. [ ] plaintiff is excused from complying because *(specify)*:

6. [ ] This action is subject to [ ] Civil Code section 1812.10 [ ] Civil Code section 2984.4.

7. This court is the proper court because
   a. [ ] a defendant entered into the contract here.
   b. [ ] a defendant lived here when the contract was entered into.
   c. [X] a defendant lives here now.
   d. [ ] the contract was to be performed here.
   e. [ ] a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. [ ] real property that is the subject of this action is located here.
   g. [ ] other *(specify)*:

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   [ ] Breach of Contract
   [X] Common Counts
   [ ] Other *(specify)*:

9. [ ] Other:

10. **PLAINTIFF PRAYS** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. [X] damages of $ __$18,382.67__
    b. [X] interest on the damages
       (1) [ ] according to proof
       (2) [X] at the rate of __0.0000__ percent per year from *(date)*: May 20, 2011
    c. [ ] attorney fees
       (1) [ ] of $ _____
       (2) [ ] according to proof.
    d. [ ] other *(specify)*:

11. [ ] The following paragraphs of this pleading are alleged on information and belief *(specify paragraph numbers)*:
    CC-1a(1), CC-1a(2), CC-1b(1), CC-1b(2), CC-1b(3), CC-1b(4), CC-1b(5)

Date: March 31, 2014
MICHAEL S. HUNT #99804  OR
JANALIE HENRIQUES  #111589
Donald Sherrill #266038
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)
                  *(If you wish to verify this pleading, affix a verification.)*

PLD-C-001 [Rev. January 1, 2007]                **COMPLAINT** - Contract                       Page 2 of 2

PLD-C-001(2)

| SHORT TITLE: LVNV FUNDING LLC v. TONY NGUYEN | CASE NUMBER: |
|---|---|

___FIRST___ **CAUSE OF ACTION - Common Counts**
(number)

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name)*:
  LVNV FUNDING LLC
  alleges that defendant *(name)*:
  TONY NGUYEN
  became indebted to [ ] plaintiff [X] other *(name)*: Citibank (South Dakota) N.A. OR A PREDECESSOR IN INTEREST
  a. [X] within the last four years
    (1) [X] on an open book account for money due.
    (2) [X] because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

  b. [X] within the last [ ] two years [X] four years
    (1) [X] for money had and received by defendant for the use and benefit of plaintiff.
    (2) [X] for work, labor, services and materials rendered at the special instance and request of defendant and for which defendant promised to pay plaintiff
      [X] the sum of $ $18,382.67
      [ ] the reasonable value.
    (3) [X] for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff
      [X] the sum of $ $18,382.67
      [ ] the reasonable value.
    (4) [X] for money lent by plaintiff to defendant at defendant's request.
    (5) [X] for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
    (6) [ ] other *(specify)*:

CC-2. $ $18,382.67 , which is the reasonable value, is due and unpaid despite plaintiff's demand, plus prejudgment interest [ ] according to proof [X] at the rate of __0.0000__ percent per year from *(date)*: May 20, 2011

CC-3. [ ] Plaintiff is entitled to attorney fees by an agreement or a statute
  [ ] of $
  [ ] according to proof.

CC.4. [X] Other:
  PLAINTIFF PURCHASED THE ACCOUNT FROM THE ORIGINAL CREDITOR OR ITS SUCCESSOR(S) IN INTEREST. PLAINTIFF IS THE CURRENT OWNER OF THE ACCOUNT.

Page 3

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION - Common Counts**

Code of Civil Procedure, § 425.12