UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY NGUYEN,<br><br>                               Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC; MICHAEL S. HUNT; JANALIE A. HENRIQUES,<br><br>                              Defendants. | Case No.: 15cv758-LAB (RBB)<br><br>**ORDER AWARDING $4,525.00 IN ATTORNEY'S FEES FOLLOWING THE ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL TESTIMONY AT DEPOSITION AND FOR SANCTIONS [ECF NO. 57]** |

     After granting in part Plaintiff's Motion to Compel Testimony and for Sanctions [ECF No. 57], counsel for Nguyen was directed to submit a declaration outlining fees and expenses, and Defendant was permitted to file a responsive brief. (Order Granting Part & Den. Part Mot. Compel Test. Dep. & Sanctions 27-28, ECF No. 66.) On March 17, 2017, Plaintiff Tony Nguyen filed a "Declaration of Stephen G. Recordon Regarding Plaintiff's Motion for Sanctions and Hours Incurred" (the "Declaration") with an exhibit [ECF No. 69]. Plaintiff seeks to recover $13,100.00 from Defendants. (Decl. 3, ECF No. 69.) Defendants Michael S. Hunt and Janalie A. Henriques filed a document entitled, "Defendants' Response to Declaration of Stephen G. Recordon Regarding Plaintiff's Motion for Sanctions and Hours Incurred" (the "Response") on March 24, 2017, with a

1

declaration of Liana Mayilyan and an exhibit [ECF No. 79]. Defendants argue that Plaintiff should recover no more than $1,940.00 in attorney's fees. (Resp. 3, ECF No. 79.) For the reasons discussed below, Nguyen is awarded $4,525.00 in attorney's fees.

## I. FACTUAL BACKGROUND

Plaintiff filed his lawsuit against Defendants LVNV Funding, LLC; Michael S. Hunt; and Janalie A. Henriques on April 7, 2015. (Compl. 1, ECF No. 1.)[1] In his First Amended Complaint, Nguyen asserts claims against the three Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Act. (First Am. Compl. 5-6, ECF No. 39.) He contends that on April 17, 2014, Hunt and Henriques filed a complaint against him in San Diego Superior Court on behalf of LVNV. (Id. at 3.) In the state court action, Defendants Hunt and Henriques alleged that LVNV was the assignee of a debt owed by Nguyen and had enforceable claims against him. (Id. at 4.) Plaintiff maintains that the claims were time-barred and unenforceable. (Id.) He seeks actual damages, statutory damages, litigation costs, and attorney's fees. (Id. at 6-7.)

## II. PROCEDURAL BACKGROUND

Nguyen filed his First Amended Complaint on April 7, 2016 [ECF No. 39]. United States District Court Judge Larry Alan Burns consolidated this case with a related case involving the same parties on April 20, 2016 [ECF No. 43], and the Defendants answered shortly thereafter [ECF Nos. 44, 45, 46]. Defendants Hunt and Henriques were deposed on September 28, 2016. (Mot. Compel 2, ECF No. 56.) Several times during the depositions, defense counsel objected to questions by Plaintiff's counsel and instructed his clients not to answer. (Id. Attach. #1 Mem. P. & A. 7-14.) Subsequent communications between counsel were unsuccessful in resolving these issues, (id. at 14-15), and a "Motion to Compel Testimony at Deposition and for Sanctions" (the "Motion to Compel") was filed on October 27, 2016 [ECF No. 56].

---

[1] The Court will cite to documents as paginated on the electronic case filing system.

On March 10, 2017, the Court issued an order granting in part and denying in part the Motion to Compel [ECF No. 66]. The Motion to Compel was granted as to questions asked of Defendant Hunt regarding jurisdictional allegations under section 395 of the California Code of Civil Procedure and the number of debt-collection attorneys employed at Defendants' law firm at the time the underlying state action was filed against Nguyen. (Order Granting Part & Den. Part Mot. Compel Test. Dep. & Sanctions 27, ECF No. 66.) The Court ordered a supplemental one-hour telephonic deposition of Defendant Hunt limited to these topics. (Id.) Plaintiff's Motion to Compel was denied as to questions to Defendants Michael Hunt and Janalie Henriques about compliance with and training regarding the California Fair Debt Buying Practices Act, (id. at 18, 20, 23), and as to all other requests, (id. at 27). The Court additionally granted in part and denied in part Nguyen's request for sanctions and ordered the following:

> Counsel for Defendants shall reimburse Plaintiff for his reasonable expenses, including attorney's fees, incurred in bringing the portion of the Motion to Compel relating to Hunt's one hour telephonic deposition about jurisdictional allegations under section 395 of the California Code of Civil Procedure and the number of debt-collection attorneys employed at Defendants' law firm at the time the underlying state actions were filed against Nguyen.

(Id.) The Court requested briefing from the parties regarding attorney's fees, (id. at 65-66), which followed [ECF Nos. 69, 79].

## III. DISCUSSION

"District courts must calculate awards for attorneys' fees using the 'lodestar' method." Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citing Caudle v. Bristow Optical Co., 224 F.3d 1014, 1028 (9th Cir. 2000); Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996)). "[T]he amount of that fee must be determined on the facts of each case[.]" Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) (citing Hensley v. Eckerhart, 461 U.S. 424, 429 (1983)). "'The 'lodestar' is calculated by multiplying the number of hours the prevailing party

3

15cv758-LAB (RBB)

reasonably expended on the litigation by a reasonable hourly rate.'" Id. (quoting Ferland, 244 F.3d at 1149 n.4).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Ferland, 244 F.3d at 1149 n.4 (citing Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1046 (9th Cir. 2000); Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975)). The factors include the following:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Ballen v. City of Redmond, 466 F.3d 736, 746 (9th Cir. 2006) (citation omitted). Nevertheless, "only in rare circumstances should a court adjust the lodestar figure, as this figure is the presumptively accurate measure of reasonable fees." Id. (citing Cabrales v. Cty. of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988); Cunningham v. Cty of Los Angeles, 879 F.2d 481, 484 (9th Cir. 1988)).

A. **Reasonable Hourly Rate**

Stephen Recordon, counsel for Plaintiff states, "The reasonable rate for my professional services is $425.00 per hour and I have been court approved at that rate multiple times." (Decl. 3, ECF No. 69.) He cites several San Diego Superior Court cases where he was awarded attorney's fees, but he does not identify the rates approved for the various cases. (See id. at 2 (citations omitted).) The implication is that in some of the listed cases, Recordon was awarded fees at the rate of $425.00 an hour. The parties identified in these cases have appeared before the Court in similar matters. But he does

not provide any additional support for his argument that $425.00 per hour is a reasonable rate for his services. (See id. at 2-3.)

Defendants Hunt and Henriques respond that $425.00 per hour is not reasonable. (Resp. 3, ECF No. 79.) "Despite the Court's directive to Nguyen's counsel to provide information regarding the hourly rates for similarly situated attorneys in the community, Nguyen has failed to do so." (Id.) Hunt and Henriques contend that the Declaration does not support the rate requested by Recordon, and that the rate should be $300.00 per hour at most. (Id.) They note that Recordon did not specify any court that awarded him $425.00 per hour. (Id. at 9.) "Nor does he explain what types of claims were at issue in those matters where he purportedly was awarded this amount." (Id.) Defendants assert that Plaintiff's counsel has not introduced any evidence regarding the prevailing rate for attorneys in this district who represent plaintiffs in FDCPA cases. (Id. at 9-10.) They conclude that he has not met his burden of showing the reasonableness of the requested rate. (Id. at 10.)

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)), opinion amended on denial of reh'g, 808 F.2d 1373 (9th Cir. 1987). The relevant community is the district in which the court sits. Camacho, 523 F.3d at 979 (citing Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997)). The plaintiff has the burden of establishing "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (quoting Blum, 465 U.S. at 895 n.11). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990).

When looking to rate determinations made in other cases, the Court may only consider cases setting rates during the time period in which the fees in the present case were incurred. See Camacho, 523 F.3d at 981 (stating that the court abuses its discretion in looking to cases decided several years before the litigation to determine market rates (citing Bell v. Clackamas Cty., 341 F.3d 858, 869 (9th Cir. 2003))). "[R]ates outside the forum may be used 'if local counsel was unavailable, either because they were unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case.'" Barjon, 132 F.3d at 500 (quoting Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992)).

To determine the appropriate hourly rate, this Court will only look to cases in this district within two years prior to the work completed by Plaintiff's counsel. See Bell, 341 F.3d at 869 ("[I]t was an abuse of discretion in this case to apply market rates in effect more than two years before the work was performed."). In Arana v. Monterey Financial Services Inc., Judge Burns awarded a $250.00 hourly rate for a first-year attorney in an FDCPA and Rosenthal Act case. CASE NO. 15cv2262-LAB (BGS), 2016 WL 1324269, at *2 (S.D. Cal. Apr. 5, 2016). By contrast, in Jewell-Cohen v. Law Office of Patenaude & Felix, A.P.C., another case brought under the Rosenthal Act and the FDCPA, Judge Whelan approved a rate of $375.00 per hour for an attorney who had litigated over 100 FDCPA cases and had been practicing law for six years. Case No.: 15-CV-2124 W (BGS), 2016 WL 1355767, at *3 (S.D. Cal. Apr. 4, 2016) (citation omitted). Similarly, in Nguyen v. HOVG, LLC, also a Rosenthal Act and FDCPA case, Judge Moskowitz approved hourly rates of $325.00 and $350.00 for two lawyers who both had around five years of experience. No. 14cv837 BTM (RBB), 2015 WL 5476254, at *2 (S.D. Cal. Sept. 15, 2015). He additionally found that $325.00 per hour was appropriate for a lawyer who had been practicing less than five years. Id. at *3. In the same case, however, Judge Moskowitz held that an hourly rate of $450.00 was reasonable for the founding partner of the firm with twenty years of experience. Id.

6

15cv758-LAB (RBB)

Following the above cases from this district, the Court finds that a rate of $425.00 per hour is reasonable for Plaintiff's counsel. Recordon has been practicing law for over thirty-six years. (Decl. 2, ECF No. 69.) He has litigated many FDCPA and Rosenthal Act cases. (Id.) Given how long he has been practicing law and his experience in this type of litigation, a $425.00 hourly rate is appropriate. See Nguyen, 2015 WL 5476254, at *3.

**B.    Number of Hours Reasonably Expended**

Attached to the Declaration is a time log of hours totaling $13,100.00 in attorney's fees and costs. (Decl. Ex. A, at 5-7, ECF No. 69.) In the Declaration, Recordon states as follows:

> The activities and time recorded in the time and billing records were reasonably incurred to prepare the portions of Plaintiff's Motion to Compel and Reply addressing all of the issues in the motion except the Fair Debt Buyer Practices Act, and also the anticipated hours and costs to finish the deposition of Mr. Hunt . . . .

(Decl. 3.)

Hunt and Henriques respond that "[t]he amounts Nguyen seeks are excessive, impermissibly punitive and should be substantially reduced." (Resp. 2, ECF No. 79.) The Defendants assert that Plaintiff's counsel is entitled to $1,940.00 in attorney's fees at most. (Id. at 3.) They contend that Nguyen "failed to make a good faith effort to resolve the issues involved in his Motion For Sanctions and avoid the expense of bringing the motion." (Id. at 2.) Defendants argue that Plaintiff could have avoided all or most of the expenses he seeks if Nguyen's counsel had cooperated with defense counsel. (Id.) They additionally assert that "Nguyen did not obtain the bulk of the relief he sought by the motion." (Id.) Defendants contend that the Declaration does explain how it takes Plaintiff's limited success into account. (Id. at 5 (citation omitted).) Hunt and Henriques further indicate that because one of the areas of further testimony ordered by the Court was already covered by a prior deposition of Henriques, the size of Nguyen's requested

7

attorney's fees is unwarranted. (Id. at 5-6 (citations omitted).) They argue that the hours claimed by Recordon should be reduced by at least 75%. (Id. at 2, 6.)

Defendants moreover state that certain items contained in the Declaration are not compensable. (Id. at 2-3, 6-9.) First, they contend that Plaintiff's attorney should not be compensated for the time he spent reviewing and summarizing the deposition transcripts. (Id. at 2, 6.) With regard to the time spent reviewing the transcript of Henriques's deposition, "[t]his request is patently unreasonable given that the Court only ordered a further deposition of Hunt, not Henriques." (Id. at 6.) Addressing the time spent reviewing the transcript of Hunt's deposition, the Defendants assert that Nguyen has not explained why he should be compensated for this task. (Id.) "The basis of the motion to compel solely related to the instructions not to answer certain questions. There is no reason to order counsel for Defendants to compensate counsel for Nguyen for the time he spent reviewing the entire transcript." (Id.)

Hunt and Henriques further argue that the vague entries in the Declaration should be excluded. (Id. at 7.) "Nguyen should not be compensated for vague time entries or for time his attorney spent drafting declarations regarding the 'hours' and 'fees' since this Court concluded that the declarations were insufficient." (Id. at 2.) They state that the time log submitted by Plaintiff's counsel has many deficient time entries. (Id. at 7.) "For example, Nguyen seeks .3 hours Mr. Recordon spent on reviewing 'emails after deposition.' He also seeks .7 hours his attorney spent on drafting 'portion of declaration regarding events prior to September 28, 2016.'" (Id. (citations omitted).) Hunt and Henriques assert that under the applicable legal standards, the Court cannot make an evaluation of these entries and they should be stricken. (Id. (citations omitted).)

The Defendants moreover argue that the time attorney Recorden spent drafting his declaration regarding hours and fees should be excluded. (Id. at 8.) They note that the declaration is only three paragraphs and that the Court already held that the prior declarations submitted by Plaintiff's counsel "were insufficient because they failed to provide information regarding the reasonableness of the hours expended and their hourly

rates." (Id. (citations omitted).) Consequently, Nguyen's attorney should not be compensated for this time. (Id.) Hunt and Henriques further state that the anticipated deposition time and costs should be excluded because they are speculative and excessive. (Id. at 2, 8-9.)

Defendants conclude that Plaintiff is only entitled to recover fees for 5.15 hours of work. (Id. at 10.) They arrive at this conclusion through the following analysis:

> Defendants request the Court exclude the 3.60 hours Nguyen's attorney billed for reviewing Defendants' deposition transcripts; the hour Nguyen's attorney billed for vague entries; and the .8 hour Nguyen's attorney billed for drafting declarations regarding "hours" and ["]fees." All told, this would result in a reduction of 5.40 hours of Nguyen's attorney's time, from 26 hours to 20.60 hours. Further, Defendant's requests that the Court reduce the number of hours allegedly spent by Nguyen's counsel in preparing the Motion to Compel and the reply by at least 75 percent (75%), from 20.60 hours to 5.15 hours. In addition, Nguyen should only be compensated for .40 hours for the supplemental telephonic deposition of Hunt and should only be awarded $275 for the copy of the transcript.

(Id.)

"In determining the lodestar, the district court should exclude hours that were not 'reasonably expended.'" Nguyen, 2015 WL 5476254, at *3 (quoting Hensley, 461 U.S. at 434). This includes "hours that are excessive, redundant, or otherwise unnecessary." Durham v. Cont'l Cent. Credit, No. 07cv1763 BTM(WMc), 2011 WL 6783193, at *3 (S.D. Cal. Dec. 27, 2011) (citing Hensley, 461 U.S. at 434). Additionally, "[t]he district court may reduce the attorneys' fee by examining the fee request and excluding non-compensable hours via a percentage cut." Haas v. PMCW, CASE NO. 12-CV-570-H (WVG), 2013 WL 12116598, at *5 (S.D. Cal. Nov. 5, 2013) (citing Gonzalez v. City of Maywood, 729 F.3d 1196, 1203 (9th Cir. 2013)). The opposing party "bears the burden of providing specific evidence to challenge the accuracy and reasonableness of the hours charged." McGrath v. Cty. of Nevada, 67 F.3d 248, 255 (9th Cir. 1995) (citing Gates v. Gomez, 60 F.3d 525, 534-35 (9th Cir. 1995); Blum, 465 U.S. at 892 n.5).

The Court makes two observations at the outset. First, Defendants' assertion that "Nguyen did not obtain the bulk of the relief he sought by the motion[,]" (Resp. 2, ECF No. 79), is an overstatement. Plaintiff's Motion to Compel was granted as to two of the three categories of testimony from Defendant Hunt. (See Order Granting Part & Den. Part Mot. Compel Test. Dep. & Sanctions 5-23, ECF No. 66.) Plaintiff's motion was denied as to the third category: questions to Defendants Michael Hunt and Janalie Henriques about compliance with and training regarding the California Fair Debt Buying Practices Act. (Id. at 18, 20, 23.)

Second, in the Court's order granting in part and denying in part Plaintiff's Motion to Compel, the Court granted Nguyen's sanctions request only "for his reasonable expenses, including attorney's fees, incurred in bringing the portion of the motion relating to Hunt's testimony regarding the two areas of questioning for which the Motion to Compel is granted." (Id. at 27.) The Court did not grant the Motion to Compel as to Plaintiff's request for reimbursement of attorney's fees and expenses in connection with any subsequent deposition. (See id. at 24-27.) Nor did the Court permit Nguyen to be reimbursed for his time spent preparing the Declaration and associated time records. As a result, the $1,625.00 in "Anticipated Deposition Time" and the $425.00 for "Preparation of Declaration and Time Records," (Decl. Ex. A, at 7, ECF No. 69), are not included in the award below.

The Court finds that the remaining hours claimed by Plaintiff's counsel are excessive. Recordon seeks 17.6 hours for preparing the Motion to Compel and 8.4 hours for preparing the reply in support of that motion, totaling 26 hours. (See id. at 5-6.) He asserts that "[t]he activities and time recorded in the time and billing records were reasonably incurred to prepare the portions of Plaintiff's Motion to Compel and Reply addressing all of the issues in the motion except the Fair Debt Buyer Practices Act . . . ." (Decl. 3.) Although he states that he limited his hours to those portions of the Motion to Compel he succeeded on, many of the hours claimed by Recordon are non-compensable. For example, the Court only granted the Motion to Compel as to testimony sought from

10

Defendant Hunt. (See Order Granting Part & Den. Part Mot. Compel Test. Dep. & Sanctions 27, ECF No. 66.) As a result, the 1.9 hours Recordon claims for reviewing and summarizing the deposition of Defendant Henriques, (Decl. Ex. A, at 5, ECF No. 69), are not compensable. Further, many of the claimed hours relate to the entirety of the Motion to Compel and not just the successful portions. To cite a few examples, "[r]eview of Declaration of Clinton Rooney," "[d]raft introduction," and "[r]eview and summarize defendant's [sic] Opposition," (id. at 5, 6), are tasks that relate to the Motion to Compel and reply brief as a whole. Their application extends beyond those portions of the Motion to Compel that Nguyen succeeded on.

Given the significant presence of non-compensable hours in the Declaration and the difficulty in separating those hours from the compensable hours, a percentage reduction is appropriate. See Caplan v. CNA Fin. Corp., 573 F. Supp. 2d 1244, 1251 (N.D. Cal. 2008) (imposing a percentage reduction of attorney's fees where it was not possible to exclude hours spent on an unsuccessful claim). "[W]hen a district court decides that a percentage cut (to either the lodestar or the number of hours) is warranted, it must 'set forth a concise but clear explanation of its reasons for choosing a given percentage reduction.'" Gonzalez, 729 F.3d at 1203 (quoting Gates, 987 F.2d at 1400). "The explanation need not be elaborate, but it must be comprehensible." Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008). "Nevertheless, the district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." Id. at 1112.

Here, the Court permitted Plaintiff to depose Defendant Hunt on two of the three topics identified in the Motion to Compel; the deposition, however, was not to exceed one hour. (See Order Granting Part & Den. Part Mot. Compel Test. Dep. & Sanctions 5-23, ECF No. 66.) Nevertheless, the Court denied Plaintiff's request to question Defendants Hunt and Henriques concerning the California Fair Debt Buying Practices Act. (Id. at 18, 20, 23.) The Court finds it appropriate to reduce the hours sought by Nguyen by one-half, representing the portion of the Motion to Compel that was denied.

11

A one-half reduction of the 26 hours spent drafting the Motion to Compel and reply brief brings the total number of compensable hours to 13. That number multiplied by $425.00, the reasonable hourly rate for Plaintiff's counsel, amounts to a total fee award of $5,525.00. In light of Nguyen's partial success with the Motion to Compel and the non-compensable hours included in the Declaration, this is an appropriate award. See Mockler v. Skipper, 942 F. Supp. 1364, 1368 (D. Or. 1996) ("[T]he court will reduce the lodestar amount by fifteen percent. This reduction reflects the fact that there were some issues which related only to Mockler's unsuccessful claims against defendant Multnomah County Sheriff's Association, and that Mockler was very successful in her claims against the Multnomah County defendants."); see also Caplan, 573 F. Supp. 2d at 1251 ("The amount of the fees charged by counsel would no doubt be lower if Plaintiff had not pursued his unsuccessful claim for breach of fiduciary duty. . . . [A] reduction of eight percent is appropriate.").

C. **Additional Factors**

As discussed above, "the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Ferland, 244 F.3d at 1149 n.4 (citing Van Gerwen, 214 F.3d at 1046; Kerr, 526 F.2d at 70). Still, the lodestar "is the presumptively accurate measure of reasonable fees." Ballen, 466 F.3d at 746 (citing Cabrales, 864 F.2d at 1464; Cunningham, 879 F.2d at 484). But in this case, Plaintiff had limited success. Although he prevailed in part on the Motion to Compel, Nguyen was limited to deposing Defendant Hunt on two topics by telephone, and the deposition was not to exceed one hour. In light of Plaintiff's limited success, the fees awarded are reduced by an additional $1,000.00. The Court finds that this is a rare case that justifies adjusting the total fee award calculated above. See id.

## IV. CONCLUSION

For the reasons discussed, Nguyen is awarded $4,525.00 in attorney's fees as a monetary sanction under Rule 37 of the Federal Rules of Civil Procedure. See Frank Brunkhorst Co. v. Ihm, CASE NO. 11cv1883-CAB (KSC), 2013 U.S. Dist. LEXIS

192270, at *3-4 (S.D. Cal. Dec. 16, 2013) (stating that monetary sanctions under Rule 37 are not disposition of a claim or defense). Payment shall occur no later than thirty days from the filing of this order.

IT IS SO ORDERED.

DATED: May 11, 2017

/s/ Ruben Brooks
Hon. Ruben B. Brooks
United States Magistrate Judge

cc: Judge Burns
All Parties of Record

13

15cv758-LAB (RBB)