# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY NGUYEN, | CASE NO. 15cv758-LAB (RBB) |
| Plaintiff, | **ORDER GRANTING SUMMARY JUDGMENT** |
| vs. | |
| LVNV FUNDING, LLC, et al., | |
| Defendants. | |

When Tony Nguyen failed to pay about $35,000 in credit card debt, LVNV Funding hired a collection firm to recover the debt. The Firm filed two collection actions in California state court alleging Nguyen's debts became due within the four year statute of limitations. Nguyen consulted counsel who advised him not to respond. The clerk entered default judgments. Nguyen moved to set them aside. After a hearing, the state trial court upheld the judgments. The state appellate court held oral argument and affirmed. Nguyen never raised the statute of limitations issue in the state proceedings. [*See* Dkts. 74, 83.]

As things stand, LVNV holds a final judgment from a California court ordering Nguyen to pay LVNV about $35,000. Nguyen has now filed an action under the Fair Debt Collection Practices Act in this Court. He doesn't deny that he owes the money. Instead, he theorizes that Defendants violated the FDCPA by allegedly filing the state court collection actions beyond the statute of limitations. Defendants have moved for summary judgment alleging that Nguyen is collaterally estopped from raising the statute of limitations issue in this action.

Federal courts must defer "to the preclusion law of the State in which judgment was rendered." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); 28 U.S.C. § 1738. Under California law, the collateral estoppel doctrine bars courts from reconsidering issues that were "actually litigated and determined in the first action." *Murray v. Alaska Airlines, Inc.*, 50 Cal. 4th 860, 867 (2010).

The sticking point here is that the California courts entered a default judgment against Nguyen. Given the strong preference for resolving disputes on the merits, it seems incorrect to say the statute of limitations issue was actually litigated and determined. But in California, the rule is clear: "Even a judgment of default in a civil proceeding is res judicata as to *all* issues aptly pleaded in the complaint and defendant is estopped from denying in a subsequent action *any* allegations contained in the former complaint." *Murray*, 50 Cal. 4th at 871 (quotations omitted; emphasis added). Since LVNV pleaded that the collection actions were timely, and default judgment was entered and affirmed, *Murray* compels the conclusion that Nguyen is estopped from denying the timeliness of the state actions in this case. [Dkts. 73-2 at 59, 62.][1]

Nguyen's primary counterargument is that there's an exception to the broad rule articulated in *Murray*: default judgments don't affect defenses pleaded in the complaint. He maintains that since the statute of limitations is an affirmative defense, collateral estoppel doesn't bar him from raising that issue as the basis for this action. For support, he relies on *Four Star Electric v. F & H Construction*:

> It is well settled that allegations of a complaint which anticipate or negate new matter are superfluous. The only allegations essential to a complaint are those required in stating the cause of action, and allegations inserted for the purpose of intercepting and cutting off a defense are superfluous and immaterial. The matter alleged may be material in the case, but immaterial in the complaint, and a plaintiff cannot by pleading such matter at the outset call upon the defendant to answer it.

---

[1] *See also In re Younie*, 211 B.R. 367, 375 (B.A.P. 9th Cir. 1997), *aff'd*, 163 F.3d 609 (9th Cir. 1998) ("In California, a default judgment satisfies the 'actually litigated' requirement for the application of collateral estoppel."); *Fields v. Retailers Credit*, 465 F. App'x 710 (9th Cir. 2012) (debt dispute decided by default judgment precluded by collateral estoppel).

*Four Star Elec., Inc. v. F & H Constr.*, 7 Cal. App. 4th 1375, 1382 (1992). The Court doesn't find *Four Star* controlling for two reasons.

First, Nguyen hasn't offered any analysis on how to square *Four Star* with the categorical language in *Murray* that says any and all issues pleaded are considered res judicata when a default judgment is entered. Second, assuming *Four Star* does carve-out an exception, it doesn't apply in this case. That's because Defendants filled out check-the-box complaints approved by the Judicial Council of California that *required* Defendants to affirm that their collection actions were filed within the last four years. *See* Cal. Civ. Proc. Code § 425.12 and § 1911. That context matters. The Court can't say Defendants added surplusage or immaterial allegations as a sneaky way to avoid the *Four Star* exception. Rather, Defendants checked a box on a court-approved form complaint certifying essentially two allegations: Nguyen owed them money, and it became due within the last four years. [Dkts. 74-1 at 7, 74-9 at 7; attached as Appendix A.]

While the Court understands Nguyen's argument—the California courts only decided that he owed money to LVNV, not whether the actions were filed on time—that distinction doesn't hold up. Under *Murray*, when the California courts denied Nguyen's request to set the default aside, they necessarily found Nguyen owed LVNV $35,000. They also implicitly found that LVNV's decision to file the state court collection actions was timely and lawful. For this Court to now repudiate the state courts' findings is exactly the type of second guessing the collateral estoppel doctrine is designed to prevent. "A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable." *Mitchell v. Jones*, 172 Cal. App. 2d 580, 585 (1959) (but noting, as in *Four Star*, an exception for any unnecessary defense).

The California Supreme Court has explained that courts should consider two overarching concerns when invoking collateral estoppel. "Ultimately, the inquiry that must be made is whether the traditional requirements and policy reasons for applying the collateral estoppel doctrine have been satisfied by the particular circumstances of [the]

case." *Murray*, 50 Cal. 4th at 868. And "it is the *opportunity to litigate* that is important in these cases, not whether the litigant availed himself or herself of the opportunity." *Murray*, 50 Cal. 4th at 869. Finding that Nguyen is collaterally estopped here comports with both concerns. By refusing to allow him to litigate the statute of limitations issue, the Court is "conserving judicial resources and promoting judicial economy by minimizing repetitive litigation, preventing inconsistent judgments which undermine the integrity of the judicial system, and avoiding the harassment of parties through repeated litigation." *Id.* at 879. Nguyen had three opportunities to raise his statute of limitations concern with the California courts. He chose not to. The Fair Debt Collection Practices Act doesn't function to provide litigants with a second chance to try out new arguments in federal court after failing to raise them in state court.

\* \* \*

Since there's no dispute as to any material fact and the Defendants are entitled to judgment as a matter of law, their motion for summary judgment is **GRANTED** [Dkts. 71, 73]; plaintiff's motion is **DENIED**. [Dkt. 76.] Fed. R. Civ. P. 56. Because Nguyen's Rosenthal Act claim mimics the Fair Debt Collection Practices Act, the Court grants Defendants' summary judgment on both claims. *See Gates v. MCT Grp., Inc.*, 678 F. App'x 539, 541 (9th Cir. 2017).[2]

**IT IS SO ORDERED**.

Dated: 2-5-18

_____
HONORABLE LARRY ALAN BURNS
United States District Judge

---

[2] The Court stayed this action pending the Ninth Circuit's ruling in *Ordinario v. LVNV Funding, LLC*, 2016 WL 852843, at *2 (S.D. Cal. Mar. 4, 2016). The Ninth affirmed, but didn't address whether an FDCPA action premised on an untimely state action is unavailable when the plaintiff waives the statute of limitations defense in state court. Since the collateral estoppel argument here turns on a similar ground — Nguyen had an opportunity to raise the defense but didn't — the Court doesn't address the waiver issue.

# Appendix A

| SHORT TITLE: LVNV FUNDING LLC v. TONY NGUYEN | CASE NUMBER: |
|---|---|

<u>FIRST</u>  **CAUSE OF ACTION - Common Counts**
(number)

ATTACHMENT TO  [ X ] Complaint  [  ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name)*:
   LVNV FUNDING LLC
   alleges that defendant *(name)*:
   TONY NGUYEN
   became indebted to  [  ] plaintiff  [ X ] other *(name)*: Citibank (South Dakota) N.A. OR A PREDECESSOR IN INTEREST
   a. [ X ] within the last four years
      (1) [ X ] on an open book account for money due.
      (2) [ X ] because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

   b. [ X ] within the last  [  ] two years  [ X ] four years
      (1) [ X ] for money had and received by defendant for the use and benefit of plaintiff.
      (2) [ X ] for work, labor, services and materials rendered at the special instance and request of defendant and for which defendant promised to pay plaintiff
         [ X ] the sum of $ $18,382.67
         [  ] the reasonable value.
      (3) [ X ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff
         [ X ] the sum of $ $18,382.67
         [  ] the reasonable value.
      (4) [ X ] for money lent by plaintiff to defendant at defendant's request.
      (5) [ X ] for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
      (6) [  ] other *(specify)*:


CC-2. $ $18,382.67 , which is the reasonable value, is due and unpaid despite plaintiff's demand, plus prejudgment interest  [  ] according to proof  [ X ] at the rate of  0.0000  percent per year from *(date)*: May 20, 2011

CC-3. [  ] Plaintiff is entitled to attorney fees by an agreement or a statute
   [  ] of $
   [  ] according to proof.

CC.4. [ X ] Other:
   PLAINTIFF PURCHASED THE ACCOUNT FROM THE ORIGINAL CREDITOR OR ITS SUCCESSOR(S) IN INTEREST. PLAINTIFF IS THE CURRENT OWNER OF THE ACCOUNT.

Page 3

Page 1 of 1

| SHORT TITLE: LVNV FUNDING LLC v. TONY NGUYEN | CASE NUMBER: |
|---|---|

<u>FIRST</u> **CAUSE OF ACTION - Common Counts**
(number)

ATTACHMENT TO [ X ] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name)*:
  LVNV FUNDING LLC
  alleges that defendant *(name)*:
  TONY NGUYEN
  became indebted to [ ] plaintiff [ X ] other *(name)*: Citibank (South Dakota) N.A. OR A PREDECESSOR IN INTEREST
  a. [ X ] within the last four years
    (1) [ X ] on an open book account for money due.
    (2) [ X ] because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

  b. [ X ] within the last [ ] two years [ X ] four years
    (1) [ X ] for money had and received by defendant for the use and benefit of plaintiff.
    (2) [ X ] for work, labor, services and materials rendered at the special instance and request of defendant and for which defendant promised to pay plaintiff
      [ X ] the sum of $ $15,202.65
      [ ] the reasonable value.
    (3) [ X ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff
      [ X ] the sum of $ $15,202.65
      [ ] the reasonable value.
    (4) [ X ] for money lent by plaintiff to defendant at defendant's request.
    (5) [ X ] for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
    (6) [ ] other *(specify)*:

CC-2. $ $15,202.65 , which is the reasonable value, is due and unpaid despite plaintiff's demand, plus prejudgment interest [ ] according to proof [ X ] at the rate of 0.0000 percent per year from *(date)*: May 20, 2011

CC-3. [ ] Plaintiff is entitled to attorney fees by an agreement or a statute
  [ ] of $
  [ ] according to proof.

CC.4. [ X ] Other:
  PLAINTIFF PURCHASED THE ACCOUNT FROM THE ORIGINAL CREDITOR OR ITS SUCCESSOR(S) IN INTEREST. PLAINTIFF IS THE CURRENT OWNER OF THE ACCOUNT.

Page 3

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California

**CAUSE OF ACTION - Common Counts**

Code of Civil Procedure, § 425.12